UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV,<br><br>               Plaintiff,<br><br>    v.<br><br>XAVIER BECERRA,<br><br>               Defendant. | No. 2:19-cv-1685-MCE-AC PS<br><br><u>ORDER TO SHOW CAUSE<br>WHY PLAINTIFF SHOULD NOT BE<br>DECLARED A VEXATIOUS LITIGANT</u> |

      Plaintiff Dmitriy Yegorov, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

      After a review of the court's records, the undersigned finds plaintiff to be a repeat, serial litigant whose actions have made it clear that he will only continue to abuse the judicial process and inundate this court with frivolous complaints that do nothing but strain the court's limited resources. Therefore, Mr. Yegorov is ordered to show cause why he should not be declared a vexatious litigant. This designation may be accompanied by a pre–filing order restricting his ability to file new cases, requiring that he post security in order to maintain cases, or a limiting the number of motions he may maintain in a single case.

      Plaintiff may respond to this order by filing a written response before October 30, 2019. Additionally, Plaintiff is ordered to appear at a hearing on Wednesday, November 13, 2019, at 10:00 A.M., in Courtroom 26 (AC) regarding this matter.

1

**I.      Background**

On August 28, 2019, Mr. Yegorov filed this action against California Attorney General Xavier Becerra pursuant to 18 USC § 241, which is part of the U.S. Criminal Code. ECF No. 1. Mr. Yegorov seeks damages resulting from fraud committed upon himself and his mother, Ms. Iegorova, by all departments of California government. Id. at 1. The complaint is largely unintelligible. It mentions a "disability representative" who is a "20 years juris doctor" and who allegedly informed plaintiff that Vladimir Putin paid President Trump $200,000 for a citizenship action related to Ms. Iegorova. Id. Plaintiff alleges that a legal representative refused to open a case with IHSS (In Home Support Services) for Ms. Iegorova. Id. Petitioner seeks $999 trillion in damages. Id. at 2.

A review of the court's docket reveals that Mr. Yegorov has filed 28 cases in this district since 2014, all in pro se and accompanied by a request for waiver of the filing fees. As shown in more detail below, none of Mr. Yegorov's cases has progressed passed the court's screening process, and a majority of these actions have been dismissed as frivolous, vague, unintelligible, fanciful, or delusional.

**II.     Legal Standard**

The district courts have the power under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148. Before entering a pre-filing order, the court is to: (I) give the litigant notice and a chance to be heard before the order is entered; (II) compile an adequate record for review; (III) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (IV) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered. Molski, 500 F.3d at 1057. The first and second factors "are procedural considerations"; the third and fourth factors "are substantive

considerations" that help the district court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors, the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provide a helpful framework. Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F.3d at 1058). They are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

Additionally, the Eastern District has adopted California's "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The vexatious–litigant statute "provide[s] courts and nonvexatious litigants with two distinct and complementary sets of remedies." Id. at 1171. First, a plaintiff may be required to furnish security, meaning a requirement for the litigant to "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id. Second, the court may impose a prefiling order that prevents a plaintiff from filing any new case in propria persona. Id. (citing Cal. Civ. Proc. Code § 391.7).

////

3

### III. <u>Analysis</u>

Mr. Yegorov's litigation history demonstrates a pattern of frivolous and harassing complaints that supports his designation as a vexatious litigant. See <u>De Long</u>, 912 F.2d at 1146.

**A. Notice and Opportunity to Be Heard**

Procedural due process is satisfied in this context when the court notifies the litigant it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. <u>Ringgold-Lockhart</u>, 761 F.3d at 1063.

By issuing this order to show cause, the Court is notifying Mr. Yegorov that it is considering deeming him a vexatious litigant, and is considering entering a comprehensive pre–filing order for him. A full description of this potential pre–filing order can be found in Section D below. Given that the bulk of this court's recent service has been returned as undeliverable, the undersigned orders the clerk of this court to serve this order on each of Mr. Yegorov's prior three addresses, and additionally orders the clerk to serve this order on Mr. Yegorov at the public counter.

The Court grants Mr. Yegorov leave to file written opposition to this order stating his arguments why he should not be declared a vexatious litigant. This filing should be submitted to the court no later than October 30, 2019. Further, the Court orders Mr. Yegorov to appear at a hearing on this matter, set for Wednesday, November 13, 2019, at 10:00 A.M., in Courtroom 25.

**B. Adequate Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." <u>De Long</u>, 912 F.2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. <u>Ringgold-Lockhart</u>, 761 F.3d at 1063.

Mr. Yegorov has filed at least 28 actions in this court since 2014—almost half of them in 2018 and 2019:

////

////

- Yegorov v. Bel Air Company, 2:14-cv-01852 MCE CKD (PS);
- Yegorov v. Counsulate of Ukraine in San Francisco, 2:14-cv-01886 KJM EFB (PS);
- Yegorov v. McBrien, 2:14-cv-02106 JAM CKD (PS);
- Yegorov v. Roman, 2:14-cv-02119 GEB AC (PS);
- Yegorov v. Buchkovskaya, 2:14-cv-02185 KJM DAD (PS);
- Yegorov v. United States of America, 2:14-cv-03003 TLN AC (PS);
- Yegorov v. Zigaylo, 2:15-cv-00664 TLN EFB (PS);
- Yegorov v. Kramer, 2:15-cv-01042 TLN GGH (PS);
- Yegorov v. Walmart, 2:15-cv-01065 GEB AC (PS);
- Yegorov v. Goodwill Industries, 2:15-cv-01066 KJM AC (PS);
- Yegorov v. Ray, 2:15-cv-01279 KJM CKD (PS);
- Yegorov v. Carmichael Adventist Church, 2:15-cv-01543 TLN CKD (PS);
- Yegorov v. President Seventh-Day Adventist Church, 2:15-cv-01692 MCE AC (PS);
- Yegorov v. Secret Service, 2:15-cv-01693 JAM CKD (PS);
- Yegorov v. Owens et al, 2:16-cv-02576 JAM DB (PS);
- Yegorov v. Government USA, 2:17-cv-01109 MCE CKD (PS);
- Yegorov v. Government USA, 2:17-cv-01110 MCE GGH (PS);
- Yegorov v. Government USA, 2:17-cv-01111 JAM GGH (PS);
- Yegorov v. Daniil, 2:18-cv-00601 MCE GGH (PS);
- Yegorov v. Sutter Hospital, 2:18-cv-00609 TLN AC (PS);
- Yegorov v. Hutchenson , 2:18-cv-01095 TLN DB (PS);
- Yegorov v. Interpol US, 2:18-cv-01558 KJM CKD (PS);
- Yegorov v. Japan, 2:18-cv-01731 KJM CKD (PS);
- Yegorov v. Switzerland, 2:18-cv-01733 KJM DB (PS);
- Yegorov v. Spain, 2:18-cv-01732 KJM EFB (PS);
- Yegorov v. Great Britain, 2:18-cv-02840 TLN EFB (PS);
- Yegorov et al v. Welby, 2:19-cv-00720 KJM CKD (PS);
- Yegorov v. Dzyba, 2:19-cv-01110 MCE AC (PS).

**C. The Frivolous or Harassing Nature of Mr. Yegorov's Litigation**

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's framework on this prong, which requires the court to consider the litigant's history, motives, and representation status, as well as the expense to others or burdens on the court and the possibility of other sanctions. Ringgold-Lockhart, 761 F.3d at 1062; Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). As described below, the weight of these considerations supports a substantive finding that Mr. Yegorov has engaged in frivolous and harassing behavior by filing the lawsuits listed above, such that the third De Long factor favors instituting a pre–filing order.

*(1) Mr. Yegorov's history of vexatious, harassing lawsuits.*

Mr. Yegorov has filed at least 28 actions in this court since 2014, nearly half of which have come in 2018 and 2019 alone. Courts in this district have screened each of these, as Mr. Yegorov has accompanied his complaint with a motion to proceed in forma pauperis in every case. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). So far, every single complaint that has been processed has been dismissed at screening, and many have been dismissed on the ground that the claims are "frivolous."

In the vast majority of his cases in which any cause of action was identifiable, Mr. Yegorov has purported to assert claims based on Title 18 of the United States Code. This is the federal criminal code, which does not provide a basis for civil actions by private citizens. See Allen v. Gold Country Cascino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Many of the screening orders dismissing plaintiff's cases have explained this principle,[1] yet Mr. Yegorov continues to file actions such as the instant case which

---

[1] See, e.g., Yegorov v. Hutchenson, 2:18-cv-01095 TLN DB (PS), ECF No. 3 at 3 ("These criminal provisions, however, provide no basis for civil liability."); Yegorov v. Great Britain, 2:18-

6

assert claims under Title 18. The undersigned notes that some of Mr. Yegorov's complaints were construed by the court as civil conspiracy cases or were determined to be too incoherent to state a cause of action at all, but these were also dismissed at screening.[2] In a majority of Mr. Yegorov's actions, he requests damages somewhere between nine and nine–hundred–ninety–nine trillion dollars.

Many of Mr. Yegorov's actions have been dismissed based on an express finding of frivolity.[3] Others have been dismissed with leave to amend because the complaint was too incoherent to even determine frivolity. The undersigned finds such dismissals to support a finding that those complaints were frivolous in that they failed to provide any basis for subject matter jurisdiction. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Finally, the undersigned notes that when Mr. Yegorov has been granted leave to amend, he has repeatedly failed to do so.[4] These cases were dismissed for failure to prosecute, after having consumed court resources in screening. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute");

---

cv-02840 TLN EFB (PS), ECF No. 3 at 2 ("Plaintiff, however, cannot state a claim for violation of 18 U.S.C. § 241, a criminal statute that does not provide a private right of action.")
[2] See Yegorov v. Roman, 2:14-cv-02119 GEB AC (PS); Yegorov v. Walmart, 2:15-cv-01065 GEB AC (PS), ECF No. 3 at 2 ("Plaintiff's complaint contains sentences that are largely incomplete and/or incoherent, making it impossible to discern any basis for the court's subject matter jurisdiction.")
[3] See, e.g., Yegorov v. Switzerland, 2:18-cv-01733 KJM DB (PS), ECF No. 3 at 3 ("not only does the complaint fail to state a claim, but the complaint's allegations are also delusional and frivolous."); Yegorov v. Hutchenson, 2:18-cv-01095 TLN DB (PS) (dismissed for reasons including frivolity).
[4] See, e.g., Yegorov v. Owens et al., 2:16-cv-02576 JAM DB (PS); Yegorov v. Government USA, 2:17-cv-01109 MCE CKD (PS).

Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

Thus, the above record supports a substantive vexatiousness finding, given Mr. Yegorov's history of frivolous and harassing litigation. Molski, 500 F.3d at 1059 ("Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions."); see also In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982) (more than fifty frivolous cases).

*(2) Mr. Yegorov's motive and the lack of objective good faith expectation of prevailing.*

Courts in this district have screened 28 of Mr. Yegorov's complaints since 2014. In an overwhelming majority of these cases, the screening orders have informed Mr. Yegorov that:

a. He cannot raise claims under the federal criminal code (Title 18, U.S.C.);

b. To maintain claims in federal court, he must follow the Federal Rules of Civil Procedure, including Rule 8(a)'s requirement to lodge a "short and plain statement" of his claim, with factual allegations connecting the particular defendants with the causes of action he intends to assert; and

c. Federal courts do not have subject matter jurisdiction over frivolous, fanciful, or delusional claims.

Despite these warnings and guidance, as well as these courts' liberal granting of leave to amend, Mr. Yegorov continues to file baseless, fanciful, delusional, and frivolous claims. In light of this history, Mr. Yegorov cannot maintain a good–faith expectation of prevailing in his actions. See Endsley v. California, 2014 WL 5335857 (C.D. Cal. Oct. 16, 2014) (aff'd in part, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional "violations;" the court found Plaintiff

8

could not have had an "objective good faith expectation of prevailing" on claims he had already been told were not cognizable).

At the November 13, 2019 hearing, the undersigned will provide Mr. Yegorov an opportunity to explain his motives in filing so many causes of action, despite the warnings from courts in this district. The court will then consider his response in determining whether his motives in filing multiple actions lack good faith.

*(3) Mr. Yegorov's lack of counsel.*

In every one of the actions Mr. Yegorov filed since 2014, he has proceeded pro se and requests the court waive fees due to his poverty. Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh Mr. Yegorov's abusive litigation tactics—especially since courts in this district have more–than–liberally construed his complaints for close to five years, granted him leave to amend, and provided him with guidance on the standards for bringing cases in federal court—guidance that he has failed to heed.

*(4) Mr. Yegorov has imposed an unnecessary burden on the courts and their personnel*

Of Mr. Yegorov's 28+ complaints filed in this court since 2014, roughly half have come in 2018 and 2019 alone. Mr. Yegorov's abusive tactics have imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office continually scan and file his frivolous complaints and motions, which judges in this court must review (and given his history, dismiss); the Clerk's office must then mail out these orders.

Accordingly, unless the court halts Mr. Yegorov's actions, his abusive tactics will pose an unnecessary burden on the court and its personnel. See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom. Spain v. EMC Mortg. Corp., 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing unnecessary expense to the parties and needless burden on the courts).

////

////

*(5) Multiple courts in this district have attempted to institute alternative sanctions, but these have largely gone unheeded and have been inadequate to protect the courts and third parties.*

Under 28 U.S.C. § 1915(e)(2), courts in this district have screened Mr. Yegorov's complaints for frivolous claims, claims that fail to satisfy Rule 8, and claims asserted against immune defendants. In many of those instances, the court has instructed Mr. Yegorov on how to amend to state a claim and granted him leave to amend.[5] However, Mr. Yegorov has not once successfully filed an amended complaint. Given Mr. Yegorov's consistent use of the in forma pauperis motion, it is unlikely that monetary sanctions would be an effective deterrent to abusive filing behavior.

For all the reasons explained above, the undersigned has concluded that the only way to end Mr. Yegorov's abusive and frivolous litigation is to consider a restrictive pre–filing order. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[W]hen there is ... conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."); but see Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this court's prior warnings regarding the manner in which he has conducted this litigation, the need for a carefully circumscribed pre-filing order is readily apparent.").

### D. Narrowly Tailored Vexatious Litigant Order

Under the contemplated pre-filing order, Mr. Yegorov will not be permitted to initiate any new actions unless he submits alongside his complaint (a) a declaration under penalty of perjury explaining why he believes he has meritorious claims, and (b) a declaration listing all previous actions he has filed in this court or any other court, identifying named defendants and all claims made in the previous actions, certifying in each new case that the defendants have not been sued before or that any claims against previous defendants are not related to previous actions, stating that the current claims are not frivolous or made in bad faith, and declaring that he has conducted a reasonable investigation of the facts—an investigation which supports his claims. The Court is

---

[5] See, e.g., Yegorov v. Counsulate of Ukraine in San Francisco, 2:14-cv-01886 KJM EFB (PS); Yegorov v. United States of America, 2:14-cv-03003 TLN AC (PS).

also contemplating requiring Mr. Yegorov to submit security before service of process, barring his use of the in propria persona motion, or limiting the number of other motions he may file, pursuant to Local Rule 151(b) and Cal. Civ. Proc. Code § 391.

**ORDER**

Accordingly:

1. Plaintiff is hereby ORDERED to show cause why he should not be declared a vexatious litigant under the Court's inherent powers and under California law, see Cal. Civ. Proc. Code § 391 and L.R. 151(b);
2. Plaintiff is notified that under a vexatious litigant designation, a pre–filing order may be imposed, which may:
   a. require security be posted to maintain cases, see CCP § 391.1;
   b. restrict the filing of new cases via a pre–filing order, see CCP § 391.7; and
   c. limit the number of motions plaintiff may maintain in a single case, including a limitation on his use of the in propria persona motion;
3. Plaintiff may submit a written response to this order on or before October 30, 2019;
4. Plaintiff is further ORDERED TO APPEAR at a hearing on this matter on Wednesday, November 13, 2019, at 10:00 A.M., in Courtroom 26 (AC); and
5. The Clerk of the Court is directed to serve this Order on Mr. Yegorov the address listed in CM/ECF, and is further directed to serve his at the public counter when he next appears.

IT IS SO ORDERED.

DATED: October 3, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE