UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV,<br><br>          Plaintiff,<br><br>   v.<br><br>XAVIER BECERRA,<br><br>          Defendant. | No. 2:19-cv-1685 MCE AC PS<br><br>FINDINGS AND RECOMMENDATIONS <u>TO DISMISS WITH PREJUDICE</u> |

      Plaintiff Dmitriy Yegorov, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. ECF Nos. 1, 2. After the court reviewed its records, the undersigned ordered plaintiff to show cause why he should not be declared a vexatious litigant. The OSC was returned to the court as undeliverable on October 30, 2019, and plaintiff failed to appear at the show cause hearing on November 13, 2019. Although the undersigned is convinced that Mr. Yegorov qualifies as a vexatious litigant, for the reasons set forth in the OSC (ECF No. 4), the mail indicates that plaintiff may not have received the notice and opportunity to be heard that are required prior to imposition of a vexatious litigant order. Accordingly, the undersigned makes no recommendation on that issue at this time.

      The court has reviewed plaintiff's complaint, and subject matter jurisdiction entirely lacking. The undersigned accordingly recommends that this action be dismissed with prejudice and that plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED.

**I.     The Complaint**

On August 28, 2019, Mr. Yegorov filed this action against California Attorney General Xavier Becerra pursuant to a section of the U.S. Criminal Code, 18 USC § 241. ECF No. 1. Mr. Yegorov seeks damages resulting from an alleged fraud committed upon himself and his mother, Ms. Iegorova, by all departments of California government. Id. at 1. The complaint is largely unintelligible. It mentions a "disability representative" who is a "20 years juris doctor" and who informed plaintiff that Vladimir Putin paid President Trump $200,000 for a citizenship action related to Ms. Iegorova. Id. Plaintiff alleges that a legal representative refused to open a case with IHSS (In Home Support Services) for Ms. Iegorova. Id. Petitioner seeks $999 trillion in damages. Id. at 2.

**II.     The Court Lacks Jurisdiction**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Here, plaintiff sues the Attorney General of the State of California, who is not alleged to have personally committed any wrong, under a provision of federal criminal law. ECF No. 1 at 1, 4. As plaintiff has been informed on numerous previous occasions, a citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Because plaintiff's complaint does not contain any viable federal cause of action and because both plaintiff and defendant are alleged to be California citizens, there is no basis for federal jurisdiction under either 28 U.S.C. § 1331 or § 1332.

////

Although the court ordinarily grants leave to amend with great liberality, especially to pro se litigants, the nature of plaintiff's complaint here compels the conclusion that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Because there is an incurable lack of jurisdiction over this dispute, the case should be dismissed with prejudice.

### III. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Complaint (ECF No. 1) be DISMISSED for lack of subject matter jurisdiction;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot; and
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: November 18, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE